UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID LEE WILLIE, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 4:07-CV-1826 (CEJ) |

## MEMORANDUM

This matter is before the Court upon the motion of David Lee Willie to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

### I. Background

On December 13, 2005, a jury found Willie guilty of possession of pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2). Willie was sentenced to a 135-month term of imprisonment. The conviction and sentence were affirmed on appeal. United States v. David Lee Willie, 462 F.3d 892 (8th Cir. 2006). In his present motion, Willie asserts the following grounds for relief:

    1. There was insufficient evidence to support a two-level increase under USSG § 2D1.1(b)(1) for possession of a firearm;

    2. The application of USSG § 2D1.1(b)(1) was in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); and

    3. Evidence was obtained by illegal search and without Miranda warnings.

### II. Discussion

A motion under 28 U.S.C. § 2255 is not a vehicle for re-litigating issues addressed on direct appeal. English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993), cert. denied, 510 U.S. 1001 (1993). A movant may be excepted from this rule if his claims result from some intervening change in the law or from newly discovered evidence. Id. The claims Willie asserts in grounds 1 and 3 of his motion are identical to claims he asserted on direct appeal. These claims were both decided adversely to him. Neither of the claims result from any change in the law occurring since the direct appeal nor are they based on newly discovered evidence. Consequently, Willie cannot relitigate the claims in this collateral proceeding.

Although he could have done so, Willie did not present on direct appeal the claim he asserts in ground 2 of his motion. Consequently, the claim is procedurally defaulted. Swedzinski v. United States, 160 F.3d 498, 500-01 (8th Cir. 1998). In order to obtain relief under 28 U.S.C. § 2255 in spite of procedural default, Willie must show (1) cause excusing his failure to present the claims on direct appeal and (2) actual prejudice resulting from the procedural default. United States v. Frady, 456 U.S. 152, 170-71 (1982); Swedzinski, 160 F.3d at 501. Willie fails to show cause or prejudice to excuse this default, thus the claim is procedurally barred.

Even if Willie had made the required showing of cause and prejudice, his claim would still fail. In Apprendi, the Supreme Court held that any fact other than a prior conviction that increases the penalty for an offense beyond the statutory maximum must be charged and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490. It is now well-settled in the Eighth Circuit that Apprendi does not apply retroactively to cases on collateral review and, therefore, a federal prisoner may not raise an Apprendi claim in a motion filed pursuant to 28 U.S.C. § 2255. United States v. Moss, 252 F.3d 993, 995 (8th Cir. 2001), cert. denied, _ U.S. _, 122 S.Ct. 848, 151 L.Ed.2d

725 (2002). See also, United States, ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059 (8th Cir. 2002).

II. Conclusion

For the foregoing reason, the Court concludes that Willie is not entitled to relief on the claims he asserts in his motion. The Court finds that Willie has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2010.